```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

BETTY CORNELIUS,            )
                            )
        Plaintiff           )
                            )        No. 3:12-1279
v.                          )        Judge Nixon/Brown
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
        Defendant           )

**TO: THE HONORABLE JOHN T. NIXON**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the Defendant's motion to dismiss for lack of jurisdiction be GRANTED and this case be dismissed with prejudice.

### BACKGROUND

This case against the Social Security Administration was filed on December 7, 2012 (Docket Entry 1) and was allowed to proceed *in forma pauperis* (Docket Entry 3). Subsequently, summonses were issued to the Social Security Administration, United States Attorney, and United States Attorney General, and duly served (Docket Entries 5, 6). The Commissioner filed a motion to dismiss for lack of jurisdiction supported by a memorandum of law on February 19, 2013 (Docket Entries 8, 9). The motion was supported by declarations of Patrick J. Herbst, Chief of Court Case and Preparation and Review Branch (Docket Entry 10), which essentially showed that on September 25, 2012, the appeals council sent the Plaintiff by mail with a copy to his attorney notice that it had

denied his request for review and notified him of his right to commence his civil action within 60 days from the date of the notice (Docket Entry 10, p. 3). A copy of the actual notice of appeal council action was attached at Docket Entry 10-2. The letter clearly explained that, absent a request for extension of time to the Commissioner, the time for filing the lawsuit, allowing time for mail, would expire 65 days after the September 25, 2012, date.

The affidavit of Mr. Herbst states that no request for an extension of time to file the civil action was received prior to December 7, 2012. A request for more time was made on January 22, 2013, however, the Commissioner, acting through the appeals council, denied that request (Docket Entry 10-1).

**LEGAL DISCUSSION**

As of the date of this report and recommendation no response to this motion has been filed. Even though under the Local Rules the failure to object can be taken to mean that there is no opposition to the motion, the Magistrate Judge has, nevertheless, reviewed the matter to insure that there are grounds for granting the motion.

The Government's memorandum and supporting affidavit correctly states the law. The Court of Appeals for the Sixth Circuit has upheld the 60-day time limitation. This time limit is subject to equitable tolling, rather than being a jurisdictional limit. *Biron v. Harris*, 668 F.2d 259 (6th Cir. 1982). The record

in this case establishes that to be timely the action had to be started on or before November 29, 2012. That did not happen.

The Magistrate Judge does not find that the Plaintiff has made a showing that there should be equitable tolling in this matter. The only request for an extension of time came well after the case was filed. In the letter requesting an extension of time to file suit (Docket Entry 10-3) dated January 22, 2013, the only ground stating for an extension of the filing deadline was that Plaintiff's attorney believed that the Plaintiff was disabled and that the interest of justice would be achieved if the request for an extension was granted. This letter in no way justifies equitable tolling by showing some unusual event or excusable neglect that prevented the filing of the case within the prescribed time limit.

Absent some justification, the Magistrate Judge does not believe that there is any showing that would warrant equitable tolling. In the case of *Bowen v. City of New York*, 476 U.S. 467, 480-81 (1986), the Supreme Court held that the initial decision to toll was up to the Social Security Administration and that it would be a rare case where tolling would be appropriate. In order to reverse the Commissioner's decision, the equity in favor of tolling must be so great that deference to the agency's judgement would be inappropriate.

In this case no such justification is shown as to why the case was not filed within the prescribed time limit.

3

**RECOMMENDATION**

For the reasons stated above the Magistrate Judge recommends that the motion to dismiss (Docket Entry 8) be GRANTED and this case dismissed with prejudice as untimely, thus depriving the Court of subject matter jurisdiction.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 18th day of March, 2013.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge